CHARLES MOORE v. JAMES C. WILLETT, SHERIFF, &c.

A sole acting executor can maintain an action respecting the property of the testator.

In actions by or against executors, it is not necessary to join, as parties, those named as executors in the will, but to whom letters testamentary have not been granted, and who have not qualified.

AT SPECIAL TERM, *May* 31, 1858.

Motion to continue an action in the name of the acting executor of a deceased plaintiff.

*William Venvill,* for the motion.

*Brown, Hall & Vanderpoel,* opposed.

HILTON, J.—This action is brought to recover damages for the unlawful taking and carrying away, by the defendant, of certain goods of the plaintiff. Upon proof of the death of the plaintiff, leaving a will by which he nominated Samuel Moore and William Wright his executors, and that letters testamentary had been granted thereon to Moore as sole acting executor— Wright having declined to act or qualify—a motion is now made to permit the action to continue in the name of the acting executor as plaintiff. The cause of action being one that survives the death of a party, there can be no reason for denying the application, unless, as is urged by the defendant, it is not made by the proper parties. Code, § 121.

The case of *Bodle, Acting Executor, &c.* v. *Hulse* (5 Wendell, 313,) was cited on the argument, as being conclusive upon the question that, where there are several executors, they must all join in the prosecution of the action, even though some renounce.

Although this was the former practice, and in the case cited it was held that an acting executor could not alone maintain an action respecting the property of the testator, yet the difficulty

presented by such a rule was subsequently obviated by Laws of 1838, (ch. 149, p. 103), which expressly provide that, in actions brought by or against executors, it shall not be necessary to join those, as parties, to whom letters testamentary shall not have been issued, and who have not qualified. 2 R. S. (4th ed.) 298, § 2.

Motion granted.